UNITED STATES DISTRICT COURT

FOR THE MIDDLE DISTRICT OF TENNESSEE

NASHVILLE DIVISION

FILED
U.S. DISTRICT COURT
MIDDLE DISTRICT OF TENN.

JUL 2 3 2004

by_____
DEPUTY CLERK

| | | |
|---|---|---|
| UNITED STATES OF AMERICA | ) | |
| | ) | |
| v. | ) | No. 3:04-00129 |
| | ) | |
| PATRICK MARLOWE | ) | 18 U.S.C. § 2 |
| GARY HALE | ) | 18 U.S.C. § 241 |
| TOMMY SHANE CONATSER | ) | 18 U.S.C. § 242 |
| ROBERT BRIAN FERRELL | ) | |
| ROBERT LOCKE | ) | |

ATTEST AND CERTIFY:
A TRUE COPY.
Clerk
U.S. District Court
Middle District of Tennessee

By:_____
Deputy Clerk

# INDICTMENT

## COUNT ONE

THE GRAND JURY CHARGES:

From in or about July 2001, and continuing until in or about January 2003, in the Middle District of Tennessee, defendants **PATRICK MARLOWE, GARY HALE, TOMMY SHANE CONATSER, ROBERT BRIAN FERRELL, and ROBERT LOCKE,** and others known and unknown to the Grand Jury, then employed as correctional officers at the Wilson County Sheriff's Department and while acting under color of law, did willfully combine, conspire and agree with one another to injure, oppress, threaten and intimidate detainees and prisoners at the Wilson County Jail in the free exercise and enjoyment of the rights and privileges secured to them by the Constitution and laws of the United States, namely the rights not to be deprived of liberty without the due process of law and to be free from cruel and unusual punishment while in official custody and detention.

## Manner, Means and Objects of the Conspiracy

1. It was part of the conspiracy for co-conspirators to punish, harm and intimidate detainees and prisoners by striking, punching, kicking, slapping and otherwise assaulting them.

2. It was further part of the conspiracy for co-conspirators to inform and encourage each other by bragging about and reenacting these assaults, including compiling an oral "knockout list" of victims who had been rendered unconscious during an assault.

3. It was further part of the conspiracy for co-conspirators to cover up the assaults against detainees and prisoners by falsifying incident reports, fabricating the cause of or exaggerating injuries to co-conspirators, and fabricating allegations of detainee and prisoner misconduct.

4. It was further part of the conspiracy for co-conspirators to withhold and deny medical care to detainees and prisoners, in order to cover up the beatings of detainees and prisoners.

## Overt Acts

In furtherance of the conspiracy, and to effect the objects thereof, the defendants and their co-conspirators committed the following overt acts, among others, at the Wilson County Jail:

(a) In or about July 2001, **PATRICK MARLOWE, TOMMY SHANE CONATSER** and another person known to the Grand Jury struck and assaulted Kenneth McIntyre in a cell.

(b) On or about August 7, 2001, **PATRICK MARLOWE** and another person known to the Grand Jury struck and assaulted Douglas Highers in the booking area and in a cell.

(c) On or about October 6, 2001, **PATRICK MARLOWE** and another person known to the Grand Jury struck and assaulted Sergio Martinez in a cell.

2

(d) On or about October 6, 2001, **PATRICK MARLOWE** and **TOMMY SHANE CONATSER** wrote false, incomplete and misleading reports for the purpose of covering up the beating of Sergio Martinez.

(e) On or about December 20, 2001, **PATRICK MARLOWE** and **GARY HALE** struck and assaulted Robert Taylor in a hallway and in a cell.

(f) On or about February 6, 2002, **PATRICK MARLOWE** and other persons known to the Grand Jury struck and assaulted Vincent Gooch in a hallway.

(g) On or about February 6, 2002, **PATRICK MARLOWE** wrote a false, incomplete and misleading report for the purpose of covering up the beating of Vincent Gooch.

(h) On or about April 30, 2002, **PATRICK MARLOWE, TOMMY SHANE CONATSER** and another person known to the Grand Jury struck and assaulted Paul Armes in a cell.

(i) On or about April 30, 2002, **PATRICK MARLOWE, TOMMY SHANE CONATSER** and other persons known to the Grand Jury wrote false, incomplete and misleading reports for the purpose of covering up the beating of Paul Armes.

(j) On or about July 20, 2002, **PATRICK MARLOWE, GARY HALE, ROBERT BRIAN FERRELL** and **ROBERT LOCKE** struck and assaulted Dartanian McGee in a cell and in a hallway.

(k) On or about July 20, 2002, **PATRICK MARLOWE** wrote a false, incomplete and misleading report for the purpose of covering up the beating of Dartanian McGee.

(l) On or about September 10, 2002, **PATRICK MARLOWE, ROBERT BRIAN FERRELL** and other persons known to the Grand Jury struck and assaulted Larry Clark in a hallway.

(m) On or about September 10, 2002, **PATRICK MARLOWE, ROBERT BRIAN FERRELL, ROBERT LOCKE** and other persons known to the Grand Jury wrote false, incomplete and misleading reports for the purpose of covering up the beating of Larry Clark.

(n) On or about October 1, 2002, **PATRICK MARLOWE, ROBERT LOCKE** and another person known to the Grand Jury struck and assaulted Robert Hollis in the booking area.

(o) On or about October 1, 2002, **PATRICK MARLOWE**, as supervisor, signed a false, incomplete and misleading report written by another person known to the Grand Jury, for the purpose of covering up the beating of Robert Hollis.

(p) In or about December 2002, **PATRICK MARLOWE, GARY HALE** and another person known to the Grand Jury struck and assaulted Michael Crawford, Dusty Garrison and Nick Roath in a hallway.

(q) On or about January 12, 2003, **PATRICK MARLOWE** and **GARY HALE** struck and assaulted Walter Kuntz in a cell.

(r) On or about January 12, 2003, **PATRICK MARLOWE** and **GARY HALE** failed to provide necessary and appropriate medical care and treatment for Walter Kuntz while he was in their care and custody at the Wilson County Jail.

(s) On or about January 12, 2003, **PATRICK MARLOWE** and **GARY HALE** wrote false, incomplete and misleading reports for the purpose of covering up the beating of and injury to Walter Kuntz.

All in violation of Title 18, United States Code, Section 241.

## COUNT TWO

THE GRAND JURY FURTHER CHARGES:

On or about January 12, 2003, in the Middle District of Tennessee, defendants **PATRICK MARLOWE** and **GARY HALE**, then employed as correctional officers at the Wilson County Sheriff's Department and while acting under color of law, aided and abetted by each other, struck and assaulted Walter Kuntz, then a detainee at the Wilson County Jail, resulting in bodily injury to and the death of Walter Kuntz, and thereby willfully deprived Walter Kuntz of the right secured and protected by the Constitution and laws of the United States not to be deprived of liberty without due process of law.

In violation of Title 18, United States Code, Sections 242 and 2.

## COUNT THREE

THE GRAND JURY FURTHER CHARGES:

On or about January 12, 2003, in the Middle District of Tennessee, defendants **PATRICK MARLOWE** and **GARY HALE**, then employed as correctional officers at the Wilson County Sheriff's Department and while acting under color of law, aided and abetted by each other, willfully failed to provide necessary and appropriate medical care and treatment to Walter Kuntz, resulting in bodily injury to and the death of Walter Kuntz, and thereby willfully deprived Walter Kuntz of the right secured and protected by the Constitution and laws of the United States not to be deprived of liberty without due process of law.

In violation of Title 18, United States Code, Sections 242 and 2.

## COUNT FOUR

THE GRAND JURY FURTHER CHARGES:

On or about April 30, 2002, in the Middle District of Tennessee, defendants **PATRICK MARLOWE, TOMMY SHANE CONATSER** and another person known to the Grand Jury, then employed as correctional officers at the Wilson County Sheriff's Department and while acting under color of law, aided and abetted by each other, struck and assaulted Paul Armes, then a detainee at the Wilson County Jail, resulting in bodily injury to Paul Armes, and thereby willfully deprived Paul Armes of the right secured and protected by the Constitution and laws of the United States not to be deprived of liberty without due process of law.

In violation of Title 18, United States Code, Sections 242 and 2.

## COUNT FIVE

THE GRAND JURY FURTHER CHARGES:

On or about October 6, 2001, in the Middle District of Tennessee, defendant **PATRICK MARLOWE** and other persons known to the Grand Jury, then employed as a correctional officers at the Wilson County Sheriff's Department and while acting under color of law, aided and abetted by each other, struck and assaulted Sergio Martinez, then a detainee at the Wilson County Jail, resulting in bodily injury to Sergio Martinez, and thereby willfully deprived Sergio Martinez of the right secured and protected by the Constitution and laws of the United States not to be deprived of liberty without due process of law.

In violation of Title 18, United States Code, Sections 242 and 2.

## COUNT SIX

THE GRAND JURY FURTHER CHARGES:

In or about July 2001, in the Middle District of Tennessee, defendants **PATRICK MARLOWE, TOMMY SHANE CONATSER**, and another person known to the Grand Jury, then employed as correctional officers at the Wilson County Sheriff's Department and while acting under color of law, aided and abetted by each other, struck and assaulted Kenneth McIntyre, then a detainee at the Wilson County Jail, resulting in bodily injury to Kenneth McIntyre, and thereby willfully deprived Kenneth McIntyre of the right secured and protected by the Constitution and laws of the United States not to be deprived of liberty without due process of law.

In violation of Title 18, United States Code, Sections 242 and 2.

## COUNT SEVEN

THE GRAND JURY FURTHER CHARGES:

On or about July 20, 2002, in the Middle District of Tennessee, defendants **PATRICK MARLOWE, GARY HALE, ROBERT BRIAN FERRELL,** and **ROBERT LOCKE**, then employed as correctional officers at the Wilson County Sheriff's Department and while acting under color of law, aided and abetted by each other, struck and assaulted Dartanian McGee, then a prisoner at the Wilson County Jail, resulting in bodily injury to Dartanian McGee, and thereby willfully deprived Dartanian McGee of the right secured and protected by the Constitution and laws of the United States to be free from cruel and unusual punishment while in official custody and detention.

In violation of Title 18, United States Code, Sections 242 and 2.

## COUNT EIGHT

THE GRAND JURY FURTHER CHARGES:

On or about September 10, 2002, in the Middle District of Tennessee, defendants **PATRICK MARLOWE, ROBERT BRIAN FERRELL,** and persons known to the Grand Jury, then employed as correctional officers at the Wilson County Sheriff's Department and while acting under color of law, aided and abetted by each other, struck and assaulted Larry Clark, then a detainee at the Wilson County Jail, resulting in bodily injury to Larry Clark, and thereby willfully deprived Larry Clark of the right secured and protected by the Constitution and laws of the United States not to be deprived of liberty without due process of law.

In violation of Title 18, United States Code, Sections 242 and 2.

## SENTENCING ALLEGATIONS

**PATRICK MARLOWE:**

1. As to Count One, the defendant was an organizer and leader, and a manager and supervisor, of a criminal activity that involved five or more participants or was otherwise extensive.

2. As to Count One, the defendant and his co-conspirators committed acts constituting aggravated assaults because of the serious bodily injury suffered by the victims, by reason of extreme physical pain and the protracted impairment of a bodily member, organ, or mental faculty, and that required medical intervention.

3. As to Count One, the defendant and his co-conspirators committed acts that resulted in bodily injury, serious bodily injury and permanent and life-threatening bodily injury.

8

Case 3:04-cr-00129   Document 1   Filed 07/23/2004   Page 8 of 17

4. As to Count One, the defendant and his co-conspirators assaulted victims who were physically restrained.

5. As to Count One, the defendant willfully obstructed and impeded, and attempted to obstruct and impede, the administration of justice during the course of the investigation of the instant charged offense, and the obstructive conduct related to an offense with which the defendant is charged and to closely related offenses.

6. As to Count Two, the defendant committed acts, and aided and abetted the commission of acts, that constituted second degree murder.

7. As to Count Two, the defendant committed acts, and aided and abetted the commission of acts, that also constituted aggravated assault because of the serious bodily injury suffered by the victim, by reason of extreme physical pain and the protracted impairment of a bodily member, organ or mental faculty, and that required medical intervention.

8. As to Count Two, the defendant committed acts, and aided and abetted the commission of acts, that resulted in bodily injury, serious bodily injury and permanent and life-threatening bodily injury.

9. As to Count Two, the defendant willfully obstructed and impeded, and attempted to obstruct and impede, the administration of justice during the course of the investigation of the instant charged offense, and the obstructive conduct related to an offense with which the defendant is charged and to closely related offenses.

10. As to Count Three, the defendant's conduct constituted second degree murder.

11. As to Count Three, the defendant's conduct also constituted aggravated assault because of the serious bodily injury suffered by the victim, by reason of extreme physical pain and the protracted impairment of a bodily member, organ or mental faculty, and that required medical intervention.

12. As to Count Three, the defendant's conduct resulted in bodily injury, serious bodily injury, and permanent and life-threatening bodily injury.

13. As to Count Three, the defendant willfully obstructed and impeded, and attempted to obstruct and impede, the administration of justice during the course of the investigation of the instant charged offense, and the obstructive conduct related to an offense with which the defendant is charged and to closely related offenses.

14. As to Count Four, the defendant committed acts, and aided and abetted the commission of acts, that constituted aggravated assault because of the serious bodily injury suffered by the victim, by reason of extreme physical pain and the protracted impairment of a bodily member, organ or mental faculty, and that required medical intervention.

15. As to Count Four, the defendant committed acts, and aided and abetted the commission of acts, that resulted in bodily injury, serious bodily injury and permanent and life-threatening bodily injury.

16. As to Count Four, the defendant assaulted a victim who was physically restrained.

17. As to Count Five, the defendant committed acts, and aided and abetted in the commission of acts, that constituted aggravated assault because of the serious bodily injury suffered by the victim, by reason of extreme physical pain and the protracted impairment of a bodily member, organ or mental faculty, and that required medical intervention.

18. As to Count Five, the defendant committed acts, and aided and abetted in the commission of acts, that resulted in bodily injury and serious bodily injury.

19. As to Count Five, the defendant assaulted a victim who was physically restrained.

20. As to Count Seven, the defendant committed acts, and aided and abetted in the commission of acts, that constituted aggravated assault because of the serious bodily injury suffered by the victim, by reason of extreme physical pain and the protracted impairment of a bodily member, organ or mental faculty, and that required medical intervention.

21. As to Count Seven, the defendant committed acts, and aided and abetted in the commission of acts, that resulted in bodily injury and serious bodily injury.

22. As to Count Seven, the defendant assaulted a victim who was physically restrained.

23. As to Count Eight, the defendant committed acts, and aided and abetted in the commission of acts, that constituted aggravated assault because of the serious bodily injury suffered by the victim, by reason of extreme physical pain and the protracted impairment of a bodily member, organ or mental faculty, and that required medical intervention.

24. As to Count Eight, the defendant committed acts, and aided and abetted in the commission of acts, that resulted in bodily injury and serious bodily injury.

**GARY HALE:**

1. As to Count One, the defendant and his co-conspirators committed acts that constituted aggravated assaults because of the serious bodily injury suffered by the victims, by reason of extreme physical pain and the protracted impairment of a bodily member, organ, or mental faculty, and that required medical intervention.

11

2. As to Count One, the defendant and his co-conspirators committed acts that resulted in bodily injury, serious bodily injury and permanent and life-threatening bodily injury.

3. As to Count One, the defendant and his co-conspirators assaulted victims who were physically restrained.

4. As to Count One, the defendant willfully obstructed and impeded, and attempted to obstruct and impede, the administration of justice during the course of the investigation of the instant charged offense, and the obstructive conduct related to an offense with which the defendant is charged and to closely related offenses.

5. As to Count Two, the defendant committed acts, and aided and abetted the commission of acts, that constituted second degree murder.

6. As to Count Two, the defendant committed acts, and aided and abetted the commission of acts, that also constituted aggravated assault because of the serious bodily injury suffered by the victim, by reason of extreme physical pain and the protracted impairment of a bodily member, organ or mental faculty, and that required medical intervention.

7. As to Count Two, the defendant committed acts, and aided and abetted the commission of acts, that resulted in bodily injury, serious bodily injury, and permanent and life-threatening bodily injury.

8. As to Count Two, the defendant willfully obstructed and impeded, and attempted to obstruct and impede, the administration of justice during the course of the investigation of the instant charged offense, and the obstructive conduct related to an offense with which the defendant is charged and to closely related offenses.

9. As to Count Three, the defendant's conduct constituted second degree murder.

12

10. As to Count Three, the defendant's conduct also constituted aggravated assault because of the serious bodily injury suffered by the victim, by reason of extreme physical pain and the protracted impairment of a bodily member, organ or mental faculty, and that required medical intervention.

11. As to Count Three, the defendant's conduct resulted in bodily injury, serious bodily injury, and permanent and life-threatening bodily injury.

12. As to Count Three, the defendant willfully obstructed and impeded, and attempted to obstruct and impede, the administration of justice during the course of the investigation of the instant charged offense, and the obstructive conduct related to an offense with which the defendant is charged and to closely related offenses.

13. As to Count Seven, the defendant committed acts, and aided and abetted in the commission of acts, that constituted aggravated assault because of the serious bodily injury suffered by the victim, by reason of extreme physical pain and the protracted impairment of a bodily member, organ or mental faculty, and that required medical intervention.

14. As to Count Seven, the defendant committed acts, and aided and abetted in the commission of acts, that resulted in bodily injury and serious bodily injury.

15. As to Count Seven, the defendant assaulted a victim who was physically restrained.

## TOMMY SHANE CONATSER:

1. As to Count One, the defendant and his co-conspirators committed acts that constituted aggravated assaults because of the serious bodily injury suffered by the victims, by reason of extreme physical pain and the protracted impairment of a bodily member, organ, or mental faculty, and that required medical intervention.

2. As to Count One, the defendant and his co-conspirators committed acts that resulted in bodily injury, serious bodily injury, and permanent and life-threatening bodily injury.

3. As to Count One, the defendant and his co-conspirators assaulted victims who were physically restrained.

4. As to Count One, the defendant willfully obstructed and impeded, and attempted to obstruct and impede, the administration of justice during the course of the investigation of the instant charged offense, and the obstructive conduct related to an offense with which the defendant is charged and to closely related offenses.

5. As to Count Four, the defendant committed acts, and aided and abetted the commission of acts, that constituted aggravated assault because of the serious bodily injury suffered by the victim, by reason of extreme physical pain and the protracted impairment of a bodily member, organ or mental faculty, and that required medical intervention.

6. As to Count Four, the defendant committed acts, and aided and abetted the commission of acts, that resulted in bodily injury, serious bodily injury and permanent and life-threatening bodily injury.

7. As to Count Four, the defendant assaulted a victim who was physically restrained.

14

**ROBERT BRIAN FERRELL:**

1. As to Count One, the defendant and his co-conspirators committed acts that constituted aggravated assaults because of the serious bodily injury suffered by the victims, by reason of extreme physical pain and the protracted impairment of a bodily member, organ or mental faculty and that required medical intervention.

2. As to Count One, the defendant and his co-conspirators committed acts that resulted in bodily injury, serious bodily injury and permanent and life-threatening bodily injury.

3. As to Count One, the defendant and his co-conspirators assaulted victims who were physically restrained.

4. As to Count One, the defendant willfully obstructed and impeded, and attempted to obstruct and impede, the administration of justice during the course of the investigation of the instant charged offense, and the obstructive conduct related to an offense with which the defendant is charged and to closely related offenses.

5. As to Count Seven, the defendant committed acts, and aided and abetted in the commission of acts, that constituted aggravated assault because of the serious bodily injury suffered by the victim, by reason of extreme physical pain and the protracted impairment of a bodily member, organ or mental faculty, and that required medical intervention.

6. As to Count Seven, the defendant committed acts, and aided and abetted in the commission of acts, that resulted in bodily injury and serious bodily injury.

7. As to Count Seven, the defendant assaulted a victim who was physically restrained.

15

8. As to Count Eight, the defendant committed acts, and aided and abetted in the commission of acts, that constituted aggravated assault because of the serious bodily injury suffered by the victim, by reason of extreme physical pain and the protracted impairment of a bodily member, organ or mental faculty, and that required medical intervention.

9. As to Count Eight, the defendant committed acts, and aided and abetted in the commission of acts, that resulted in bodily injury and serious bodily injury.

**ROBERT LOCKE:**

1. As to Count One, the defendant and his co-conspirators committed acts that constituted aggravated assaults because of the serious bodily injury suffered by the victims, by reason of extreme physical pain and the protracted impairment of a bodily member, organ or mental faculty, and that required medical intervention.

2. As to Count One, the defendant and his co-conspirators committed acts that resulted in bodily injury, serious bodily injury and permanent and life-threatening bodily injury.

3. As to Count One, the defendant and his co-conspirators assaulted victims who were physically restrained.

4. As to Count One, the defendant willfully obstructed and impeded, and attempted to obstruct and impede, the administration of justice during the course of the investigation of the instant charged offense, and the obstructive conduct related to an offense with which the defendant is charged and to closely related offenses.

16

5. As to Count Seven, the defendant committed acts, and aided and abetted in the commission of acts, that constituted aggravated assault because of the serious bodily injury suffered by the victim, by reason of extreme physical pain and the protracted impairment of a bodily member, organ or mental faculty, and that required medical intervention.

6. As to Count Seven, the defendant committed acts, and aided and abetted in the commission of acts, that resulted in bodily injury and serious bodily injury.

7. As to Count Seven, the defendant assaulted a victim who was physically restrained.

A TRUE BILL:

_____
FOREPERSON

_____
JAMES K. VINES
UNITED STATES ATTORNEY

R. ALEXANDER ACOSTA
Assistant Attorney General
United States Department of Justice
Civil Rights Division

17